

FILED

DEC 21 2006

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RUSSELL HYATT, | \* | CIV 05-3029 |
| Petitioner, | \* | |
| | \* | ORDER AND OPINION |
| -vs- | \* | ADOPTING |
| | \* | REPORT AND RECOMMENDATION |
| DOUGLAS WEBER, Warden, | \* | AND DENYING |
| South Dakota State Penitentiary, | \* | PETITION FOR A WRIT OF |
| | \* | HABEAS CORPUS AND DENYING |
| Respondent. | \* | CERTIFICATE OF APPEALABILITY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Court submitted the above-entitled matter to U.S. Magistrate Judge Mark A. Moreno and the magistrate judge submitted his report and recommendation to me on August 25, 2006, Doc. 27. The report and recommendation was served on the petitioner as required by 28 U.S.C. § 636. Petitioner timely filed objections, Doc. 32, on September 13, 2006.

The Court has conducted a *de novo* review of the file and finds that the report and recommendation of the magistrate judge should be accepted and the case dismissed.

Petitioner's primary objection is that the magistrate determined that an evidentiary hearing was not required to determine whether trial counsel was ineffective. Petitioner contends that the factual record was not sufficiently developed at the state court evidentiary hearing on his state court habeas petition because no expert attorney testified as to trial counsel's performance. Petitioner contends that expert testimony from an attorney experienced in the defense of child sexual abuse allegations was necessary to judge whether trial counsel provided ineffective assistance.

Pursuant to the 1996 Anti-Terrorism and Effective Death Penalty Act ("AEDPA"):

> when a habeas petitioner "has failed to develop the factual basis of a claim" in the state courts, the federal district court *may not* hold an evidentiary hearing *unless* the applicant shows that the claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence" *and* that "the facts underlying the claim

> would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2255(e)(2) (2000).

Osborne v. Purkett, 411 F.3d 911, 915 (8th Cir. 2005) (emphasis in original). Petitioner's recent desire to elicit expert attorney opinions at an evidentiary hearing do not meet the standards required in order for the federal district court to hold an evidentiary hearing in this case. Petitioner was free to develop a factual basis in state court and did not do so. An expert witness (a lawyer) brings little, if anything to the table when experienced judges are free to judge and capable of judging trial counsel's performance.

Petitioner also objects to the magistrate's findings that trial counsel was not deficient in (1) recommending petitioner waive a jury trial, (2) failing to request recusal of the trial judge, (3) failure to conduct pre-trial interviews of three children in the household, and (4) the presentation of impeachment evidence at trial. These contentions were raised in the state court habeas petition and were decided against petitioner by the state court habeas judge.

> Under AEDPA[,] habeas relief cannot be granted on any claim "adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Hall v. Luebbers, 296 F.3d 685, 691-92 (8th Cir. 2002). Petitioner has not made such a showing.

Now, therefore,

IT IS ORDERED:

1. The report and recommendation of the U.S. Magistrate Judge filed August 25, 2006, Doc. 27, shall be and is hereby adopted as the findings of fact and conclusions of law herein.

2. The petitioner's objections, Doc. 32, are overruled.

3. The petition for a writ of habeas corpus is denied.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's petition for a writ of habeas corpus.

No certificate of appealability will be granted. 28 U.S.C. § 2253(c). This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

Dated this 21st day of December, 2006.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
              DEPUTY
(SEAL)